Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN W. DARRAH | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 1580 | 4-14-08 DATE | 4-14-08 |
| CASE TITLE | Joe Willie Feazell (#B-17481) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is stricken, with leave to renew. The plaintiff is granted thirty days in which to: (1) either file a properly completed *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C. § 1915(a)(2) or pay the full $350 filing fee; and (2) submit a proposed amended complaint (along with a judge's copy and service copies). Failure of the plaintiff to comply with these directives within thirty days will result in summary dismissal of this case. The clerk is directed to send the plaintiff an *in forma pauperis* application, an amended complaint form, and instructions along with a copy of this order.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner currently being held at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that he slipped and fell on stairs and that he has received inadequate medical care for his injuries.

The clerk has accepted this *pro se* civil rights complaint for docketing pursuant to Fed. R. Civ. P. 5(e) even though it was not submitted in compliance with federal statutes and the rules of this court. The plaintiff's application to proceed *in forma pauperis* is not certified by a jail or prison official and does not include trust fund ledgers reflecting his income for the past six months. See 28 U.S.C. § 1915(a)(2). If the plaintiff wishes to proceed with this case *in forma pauperis* he must file a signed i.f.p. application on the form required by the rules of this court, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the six months preceding the filing of this lawsuit [that is, from September 18, 2007, through March 18, 2008]. A jail official must complete and sign the part of the form captioned "Certificate" on the back of the i.f.p. application. In the alternative, the plaintiff may pay the full $350 statutory filing fee. Failure to complete the required form fully or to otherwise comply with this order will result in dismissal of the suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980).

(CONTINUED)

mjm



**STATEMENT (continued)**

The plaintiff must also submit an amended complaint. The plaintiff has no cause of action under 42 U.S.C. § 1983 in connection with his fall down the stairs. It is most unfortunate that the plaintiff slipped and was injured; however, his allegations do not implicate the Constitution. Although wet floors do present a possibility that inmates might slip, the plaintiff's allegations do not suggest a substantial risk of serious harm that reflects the deliberate indifference required to impose liability under the Fourteenth Amendment. *Compare LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors. . . do not state even an arguable claim for cruel and unusual punishment."); *see also Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("an inch or two" of accumulated water in the shower was not "an excessive risk to inmate health or safety"). At most, the plaintiff has shown that jail officials were negligent, but negligence alone is not enough to support a claim of deliberate indifference. *Daniels v. Williams*, 474 U.S. 327, 332 (1986). Any cause of action for negligence must be brought in state court. The amended complaint should therefore drop the plaintiff's slip-and-fall claim.

Regarding the plaintiff's claim that he has been denied medical care for his injury, he must name a proper defendant. Sheriff Dart cannot be held liable for the alleged lack of appropriate treatment. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. Furthermore, neither the Cook County Bureau of Health nor Cermak Health Services is a suable entity. *See, e.g., Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993).

The plaintiff must draft an amended complaint naming those specific health care providers who are directly, personally responsible for the denial of medical care. The plaintiff is advised that neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Furthermore, inattention only to objectively "serious" injury or signs of serious injury implicates the Constitution. *Henderson v. Sheahan*, 196 F.3d 839, 844 (7th Cir. 1999). The defendants can be held liable under 42 U.S.C. § 1983 only if the plaintiff can demonstrate that they have acted with deliberate indifference to a serious medical need.

In sum, if after considering the provisions of the Prison Litigation Reform Act the plaintiff wishes to proceed with this suit, he must, within thirty days of the date of this order: (1) **either** file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) **or** pay the full $350 filing fee; and (2) submit an amended complaint naming as defendants those individuals personally responsible for violating the plaintiff's constitutional rights. As with every document filed with the court, the plaintiff must provide both the original and a judge's copy; he must also include a sufficient number of carbon copies or photocopies of the **(CONTINUED)**

**STATEMENT (continued)**

amended complaint for service on each named defendant. The clerk will provide the plaintiff with an *in forma pauperis* application, an amended complaint form, and instructions along with a copy of this order. If the plaintiff fails to comply with the above directives within thirty days, the court will dismiss the case on the understanding that plaintiff does not wish to pursue this lawsuit.